Mark E. Ellis - 127159
Brandon L. Reeves - 242897
Ephraim Egan - 278122
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
breeves@ellislawgrp.com
eegan@ellislawgrp.com

Attorneys for Defendants THE LAW OFFICES OF STEVEN A. BOOSKA and RANCHO VISTA OPERATIONS, LLC

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH JOHNS,<br><br>  Plaintiff,<br><br>v.<br><br>RANCHO VISTA OPERATIONS, LLC a Delaware limited liability corporation; THE LAW OFFICES OF STEVEN A. BOOSKA, a California law firm, and DOES 1 to 10, inclusive,<br><br>  Defendants. | Case No.: **'15CV306 AJB RBB**<br><br>San Diego County Case No.: 37-2015-00001587-CL-MC-NC<br><br>**NOTICE OF REMOVAL OF COMPLAINT TO FEDERAL COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants THE LAW OFFICES OF STEVEN A. BOOSKA and RANCHO VISTA OPERATIONS, LLC hereby remove to this Court the Complaint in the state court action described below:

1. On January 16, 2015, an action was commenced in Superior Court, State of California, County of San Diego, entitled Edith Johns v. Rancho Vista Opersions, LLC and The Law Offices of Steven A. Booska, as case number 37-2015-00001587 CL MC NC.

- 1 -

2. On January 16, 2015, Defendant RANCHO VISTA OPERATIONS, LLC was served with a copy of the Complaint. On January 21, 2015, Defendant THE LAW OFFICES OF STEVEN A. BOOSKA was served with copy of the Complaint. A copy of said Complaint is attached hereto as **Exhibit A**.

3. This Court has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. section 1441(a) in that the Complaint arises under the federal Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq.*

Dated: February 12, 2015

ELLIS LAW GROUP, LLP

By  /s/ *Brandon L. Reeves*
Brandon L. Reeves
Attorney for Defendants
THE LAW OFFICES OF STEVEN A. BOOSKA
AND RANCHO VISTA OPERATIONS, LLC

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Rancho Vista Operations, LLC;
The Law Offices of Steven A. Booska

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Edith Johns

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**01/16/2015** at 08:00:00 AM
Clerk of the Superior Court
By Amy Wagoner, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
325 South Melrose Drive
Vista, CA 92081

**CASE NUMBER:** 37-2015-00001587-CL-MC-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alysson Snow                    Legal Aid Society of San Diego, Inc.
110 S. Euclid Ave.              619-471-2655
San Diego, CA 92114

DATE: 01/16/2015                Clerk, by  *A. Wagoner*  , Deputy
*(Fecha)*                        *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* The Law Offices of Steven A. Booska
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 415.95 (Business Organization, Form unknown)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Johns, Edith

1  ALYSSON SNOW (Bar No. 225185)
   JOE VILLASEÑOR (Bar No. 265703)
2  LEGAL AID SOCIETY OF SAN DIEGO, INC.
   110 S. Euclid Avenue
3  San Diego, California 92114
   Tel.: 619-471-2655
4  Fax: 619-263-5697
   alyssons@lassd.org
5  joev@lassd.org

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
01/16/2015 at 08:00:00 AM
Clerk of the Superior Court
By Amy Wagoner, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
NORTH COUNTY DIVISION, VISTA COURTHOUSE

EDITH JOHNS,

    Plaintiff,

vs.

RANCHO VISTA OPERATIONS, LLC, a Delaware limited liability corporation; The Law Offices of Steven A. Booska, a California law firm; and, DOES 1 to 10, inclusive,

    Defendants.

CASE NO. 37-2015-00001587-CL-MC-NC

LIMITED CIVIL CASE

COMPLAINT FOR:

- **VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT;**
- **VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; and,**
- **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200,** *et seq.*

COMPLAINT

Plaintiff Edith Johns alleges against Defendant Rancho Vista Operations, LLC, a Delaware limited liability corporation ("Defendant Nursing Home"); The Law Offices of Steven A. Booska, a California law firm; and DOES 1 to 10, inclusive (collectively, "Defendants") as follows:

## INTRODUCTION

1. Ms. Johns is an 86 year old woman who has several disabilities. She is frail and in poor health. Importantly, she is a Medi-Cal recipient. In 2012, Ms. Johns fell ill and required time in a nursing home, Rancho Vista Operations, LLC. Defendants sought to improperly and unlawfully collect amounts from Ms. Johns in excess of the amounts permitted by law. Defendants have engaged in abusive, harassing, and deceptive business practices to force Ms. Johns to pay a debt that she does not legally owe. Ms. Johns has suffered damages as a result of Defendants' unlawful, deceptive, and unfair actions.

## PARTIES TO THE ACTION

2. Plaintiff Edith Johns is an individual and, at all times mentioned in this Complaint, was a resident of San Diego County, California.

3. Plaintiffs are informed and believe that Defendant Nursing Home principal place of business is located at 99510 Ormsby Station Road., Suite 101, Louisville, KY 40223.

4. Defendant Nursing Home has a nursing home located at 760 East Bobier Drive, Vista, CA 92084. This is the nursing home where Ms. Johns received her services.

5. Plaintiffs are informed and believe that Defendant Nursing Home is engaged in and is transacting business in California.

6. Defendant Law Firm, on information and belief, principal place of business is located in San Francisco, California 94119. On information and belief, Defendant Law Firm's primary business is creditor representation in debt collection actions.

7. On information and belief, Defendants, in the normal and ordinary course of business attempt to collect debts on behalf of themselves or others.

8. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiffs who

-1-

therefore sue said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees is responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Plaintiff's damages.

9. At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of their co-Defendants and Defendants' acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents, representatives and/or employees while they were acting within the course and scope of said agency, authority, and employment.

## JURISDICTION AND VENUE

10. This Complaint has been brought in the proper court and judicial district because Defendants' liability arose here and, on information and belief, Defendants entered into the alleged Contract with Plaintiffs in San Diego County.

## FACTUAL ALLEGATIONS

11. On or around March 2012, Ms. Johns was admitted and received care at Defendant Nursing Home's location in Vista.

12. Ms. Johns had medical insurance that covered by her medical expenses during all relevant periods in this action.

13. Defendant Nursing Home, in addition to payments received from insurance, demand that Ms. Johns enter into a "private pay" agreement.

14. Defendant Nursing Home represented that she had to sign the private pay agreement in order to remain at the nursing home.

15. Ms. Johns justifiably relied on these representations in deciding to enter into the private pay agreement with Defendant Nursing Home.

16. On or around March 2012, Plaintiff entered into a private pay agreement with Defendant Nursing Home based upon Defendant Nursing Home's false representations that she was required to do so. Absent this representation, she would not have entered into the agreement.

17. Defendant Nursing Home has fraudulently misrepresented that it is entitled to $11,633.19 plus annual interest of 18 percent from March 1, 2012. Defendant Nursing Home is not entitled to this amount and is prohibited from seeking it from Ms. Johns.

18. Defendant Nursing Home's Collection Department, in its pursuit of this inaccurate amount from Ms. Johns, has sent dunning letters on its own behalf and has falsely represented to third parties that Ms. Johns owes these sums.

19. On or around January 23, 2013, Defendant Nursing Home sent a "final notice" demanding payment of $11,633.19 within 15 days. If she failed to pay within that time period it threatened a lawsuit and warned her she might be liable for attorney's fees and court costs.

20. No lawsuit has been filed to date. On information and belief, Defendant Nursing Home did not intend to file a lawsuit at the time it made the threat.

21. On information and belief, Defendant Nursing Home sent this account to a third party for collection.

22. On or around February 14, 2013, Defendants used a third party debt collection agency to attempt to collect the debt from Ms. Johns through a dunning letter. The letter demanded the inaccurate and unlawful amount of $13,641.11.

23. The same third party debt collection agency sought to collect the amount of $14,002.54 from Ms. Johns on or around April 18, 2013.

24. On or around May 16 and 21, 2013, Ms. Johns disputed the debt in a telephone call with Defendant Nursing Home. On information and belief, Defendant Nursing Home failed to report the dispute to the credit reporting agencies.

25. On information and belief, Defendant Nursing Home subsequently assigned the account to Defendant Law Firm.

26. Defendant Law Firm, on or around January 16, 2014, sent a demand letter on behalf of Defendant Nursing Home seeking a balance of $15,568.72.

27. The representation that the Plaintiff owed $15,568.72 was deceptive and misleading.

/////

28. On or around February 10, 2014, Ms. Johns sent a letter via certified mail, return receipt requested to Defendant Law Firm. In the letter she stated that she was disputing the debt in its entirety. The return receipt shows that Defendant Law Firm received the dispute letter on or around February 14, 2014.

29. On information and belief, Defendants continue to make inaccurate and misleading statements to the credit reporting agencies. For example, the amount in the credit reports are inaccurate and misleading. Defendants failed to report the dispute to the credit reporting agencies.

30. Pursuant to California Civil Code section 1782, Ms. Johns demand that Defendants cease and desist from these unlawful business practices within 30 days of receipt of this demand. Ms. Johns also demands that the information reported to the third party debt collection agencies be corrected. Failure to comply with this request may result in liability for damages, civil penalties, injunctive relief, punitive damages, and attorney's fees and costs.

31. To date, Defendants continue to seek amounts to which they are not entitled and are prohibited by law from seeking. On information and belief, Defendants engage and will likely continue to engage in these unfair and deceptive business practices detailed herein.

32. Defendants have not corrected any of the violations detailed herein.

33. Plaintiffs have suffered damages, including, but not limited to, injury in fact and monetary damages, as a direct and proximate result of Defendants' actions.

### FIRST CAUSE OF ACTION

#### Violations of California Civil Code Section 1770, et seq. Against All Defendants

34. Plaintiff repeats and realleges the allegations in paragraphs 1 through 33 of the Complaint as if stated fully herein.

35. California Civil Code section 1770, the Consumers Legal Remedies Act, prohibits vagueness, unfair business practices, and deception by declaring unlawful "methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

/////

36. Defendants have violated the CLRA by engaging in unfair and deceptive business practices.

37. Defendants violated section 1770(a)(14) because they represented that Defendants were entitled to rights to which they are not entitled and prohibited by law from seeking. Defendants falsely represented that Ms. Johns must sign a private pay agreement to remain and receive services at the nursing home. Defendants falsely represented that Ms. Johns owes $11,639.11.

38. These are continuing violations.

39. Ms. Johns is 86 and receives Medi-Cal. This amounts sought by Defendants constitute a significant portion of her monthly income.

40. As a direct and proximate result of Defendants' violations of the California Civil Code section 1770, Plaintiff has suffered damages.

## SECOND CAUSE OF ACTION

**Violations of the Federal Fair Debt Collection Practices Act Against Defendant Law Firm**

41. Plaintiff repeats and realleges the allegations in paragraphs 1 through 40 of the Complaint as if stated fully herein.

42. On information and belief, Defendant Law Firm collects debts, either on behalf of itself or others, in the regular and ordinary course of business.

43. Defendants violated federal Fair Debt Collection Practices Act, which regulates the collection of debts.

44. Defendants violated Title 15 of the United States Code section 1692e(2)(A) by making a false representation of the amount of the debt in the collection of the debt.

45. Defendants violated Title 15 of the United States Code section 1692e(2)(B) by making a false representation about compensation that Defendants asserted they were lawfully able to receive. Defendant Law Firm's representations regarding the amount of the principal balance and the interest are false.

46. Defendants violated Title 15 of the United States Code section 1692e(5) by threatening a lawsuit, which Defendant did not intend to do.

47. Defendants violated Title 15 of the United States Code section 1692e(8) by communicating or threatening to communicate to credit information which is known or which should be known to be false by failing to communicate that a disputed debt is disputed.

48. Defendants violated Title 15 of the United States Code section 1692e(10) by using a false representation and deceptive means to collect or attempt to collect the debt.

49. Defendants violated Title 15 of the United States Code section 1692f by asserting the right to collect an amount that it is not entitled to and is prohibited from collecting by the law.

50. Defendants continue to engage in these unfair and deceptive business practices and are likely to continue to engage in doing so unless enjoined from these bad acts by this Court.

51. Defendants' actions have directly and proximately caused Plaintiff damages.

### THIRD CAUSE OF ACTION

**Violations of California Business and Professions Code Section 17200, *et seq.* Against All Defendants**

52. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 50 of the Complaint as if stated fully herein.

53. California Business and Professions Code Section 17200, or the "Unfair Competition Law," prohibits businesses from engaging in unfair, unlawful, and fraudulent business acts or practices.

54. Defendants have violated the Unfair Competition Law because they have engaged in unlawful and unfair business acts and practices. Defendants' business practices are unfair because the utility of its conduct is outweighed by the harm it causes. Further, it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

55. Defendants' business practices are unlawful because they have violated numerous consumer protection laws. Specifically, they have violated federal Fair Debt Collection Practices Act and the California Civil Code sections 1750, *et seq.*, the Consumers Legal Remedies Act.

56. Defendants' business practices are fraudulent because Defendants induced the Plaintiffs' assent to the agreement through the suppression of the fact that Defendants are not

-6-

authorized to perform the services contracted for and by misleading the Plaintiffs as to Defendants' competence to perform the contracted services.

57. As a direct and proximate result of Defendants' violations of the California Code, the Plaintiffs have suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Damages in an amount to be determined at trial, except for the cause of action for violations of the Consumers Legal Remedies Act;

2. Pursuant to California Business and Professions Code section 17203, that the Defendants be permanently enjoined from violating Business and Professions Code section 17200, in connection with the violations alleged in this Complaint;

3. Restitution under section 17203 of the Business and Professions Code;

4. Pursuant to Civil Code section 1780, that the Defendants be permanently enjoined from violating the California Consumers Legal Remedies Act, in connection with the violations alleged in this Complaint;

5. Civil Penalties in the amount of $5,000.00 for violations against a senior citizen, pursuant to the Consumers Legal Remedies Act;

5. Attorney's fees pursuant to statute;

6. Interest, if applicable;

7. Costs; and,

8. Any other and further relief that the court considers proper.

Dated: January 14, 2015

Respectfully submitted,

By: *Alysson Snow*
Alysson Snow
*Attorney for Plaintiffs*

-7-

## DECLARATION OF VENUE

1. My name is Alysson Snow and I am Attorney for the Plaintiff Edith Johns in this action. If called upon to testify, I have personal knowledge of and could competently testify as to the matters stated herein.

2. This action was filed in the superior court in the county where Defendants' liability in this action arose.

I declare this under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. I make this declaration on January 14, 2015 in San Diego, California.

Dated: January 14, 2015

By _____
Alysson Snow
Attorney for Plaintiffs

## VERIFICATION

I, Edith Johns, certify and declare that I have read the foregoing Complaint. I declare under oath and the penalty of perjury under the laws of the State of California that the foregoing is true and correct based on my own knowledge, except as to the matters which are therein stated on information or belief, and as to those matters that I believe it to be true.

Executed on January 14, 2015 in San Diego, California.

Dated: January 14, 2015

By *Edith Johns* (signature)
Edith Johns

COMPLAINT